IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE R. NORTON, | : Civil No. 1:25-CV-1216 |
| Plaintiff, | : |
| v. | : (Judge Wilson) |
| | : (Chief Magistrate Judge Bloom) |
| JOSEPH C. ADAMS, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I.   Introduction

This is a civil action filed by the *pro se* plaintiff, Bruce Norton. (Doc. 1). Norton's claims arise out of state court foreclosure proceedings. (*Id.*). In his complaint, he asserts a claim pursuant to 42 U.S.C. § 1983, alleging an ongoing denial of due process during these state court proceedings in violation of his Fourteenth Amendment rights. (*Id.* ¶¶ 31-38). While he purports that he is not seeking to overturn the state court proceedings, his requested relief asks this court to enjoin the enforcement of the state court judgment. (*Id.* at 16).

Along with his complaint, Norton filed a motion for a temporary restraining order ("TRO") and preliminary injunction. (Doc. 3). The motion requests this court to enjoin a sheriff's sale of his property

scheduled to occur on August 4, 2025. After consideration, we conclude that Norton's request for preliminary injunctive relief should be denied.

## II. Discussion

The plaintiff's motion for preliminary injunctive relief, in essence, a ruling from this court enjoining the sheriff's sale of his property pursuant to a state court foreclosure judgment. The Anti-Injunction Act, 28 U.S.C. § 2283, "generally prohibits the federal courts from interfering with proceedings in the state courts[.]" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). In fact, the Act lists only three exceptions to this general prohibition: "… as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Courts in this circuit have declined to issue preliminary injunctive relief to enjoin aspects of state court foreclosure proceedings, including sheriff's sales, finding that the Anti-Injunction Act prohibits such relief. *See e.g.*, *McShane v. Morris*, 2021 WL 3929747, at *6 (M.D. Pa. Sept. 2, 2021); *Lightfoot v. Bank of New York Mellon*, 2017 WL 4151171, at *3 (M.D. Pa. Sept. 19, 2017); *Mason v. Bank of Amer., N.A.*, 2013 WL

5574439, at *7 (E.D. Pa. Oct. 10, 2023). Accordingly, we conclude that the Anti-Injunction Act bars Norton's requested relief, and his motion for preliminary injunctive relief should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for emergency declaratory relief (Doc. 3) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the

record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of July 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
