IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE R. NORTON, | : | Civil No. 1:25-CV-01216 |
| Plaintiff, | : | |
| v. | : | |
| JOSEPH C. ADAMS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

Before the court is the report and recommendation of Chief Magistrate Judge Daryl F. Bloom recommending that Plaintiff's motion for temporary restraining order and preliminary injunction be denied. (Doc. 10.) For the reasons that follow, the court will adopt the report and recommendation.

In his complaint, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 alleging an ongoing denial of due process during state court foreclosure proceedings in violation of his Fourteenth Amendment rights. (Doc. 1.) Plaintiff's motion for temporary restraining order and preliminary injunction essentially asks the court to enjoin the sheriff's sale of his property, which is set to occur on August 4, 2025, pursuant to a state court foreclosure judgment. (Docs. 3, 4.) Chief Judge Bloom recommends denying Plaintiff's request for preliminary injunctive relief because the Anti-Injunction Act, 28 U.S.C. § 2283, "generally prohibits the federal

courts from interfering with proceedings in the state courts." (Doc. 10, p. 2 (citations omitted).)

Plaintiff timely filed objections on July 16, 2025. (Doc. 11.) Therein, he details the alleged due process violations in the state proceedings, addresses "federalism concerns," and provides a proposed order and expedited schedule. (*Id.*) As to objections, Plaintiff first argues that Chief Judge Bloom erred in concluding that the Anti-Injunction Act bars relief. (*Id.*) In addressing the Anti-Injunction Act, Plaintiff argues that the report and recommendation "overlooks multiple exceptions that authorize court intervention in these circumstances." (*Id.* at 6–9.) Plaintiff cites several cases in support of his position and further argues that Congress authorized the federal courts to intervene in situations such as this one. (*Id.*) Plaintiff next objects on the basis that his "Notice of Non-Pursuit of State Remedies transforms the jurisdictional analysis and eliminates any potential Rooker-Feldman concerns." (*Id.* at 9–12.) Lastly, Plaintiff objects because Chief Judge Bloom failed to apply the "traditional preliminary injunction standard." (*Id.* at 12–13.)

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part. 28 U.S.C. § 636(b)(1). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

Although Plaintiff sets forth specific objections to the report and recommendation, his arguments fail. The court is barred from issuing a temporary restraining order or preliminary injunction in this case by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). Here, the motion for temporary restraining order does not indicate that the requested relief is

expressly authorized by an act of Congress, necessary to aid in this court's jurisdiction, or that there is a federal judgment to protect.  Further, the Anti-Injunction Act generally precludes a federal court from enjoining state court foreclosure proceedings as they do not fall within one of the enumerated exceptions.  *See Keller v. Wright*, 3:22-cv-01921, 2023 WL 4356076, at *4-5 (M.D. Pa. May 16, 2023), *report and recommendation adopted*, 2023 WL 4353701 (M.D. Pa. July 5, 2023) (citing *McMillan v. Nationstar Mortg. Co.*, No. 20-cv-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (collecting cases)).

The remaining objections also fail as Chief Judge Bloom did not need to address the Rooker-Feldman analysis or the preliminary injunction standard as the Anti-Injunction Act precludes Plaintiff's requested relief.

Accordingly, for the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) The report and recommendation, Doc. 10, is **ADOPTED**.

2) Plaintiff's objections, Doc. 11, are **OVERRULED**.

3) Plaintiff's motion for temporary restraining order, Doc. 3, is **DENIED**.

4) This matter is referred back to Chief Judge Bloom for pretrial management.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 16, 2025